UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL RAYMOND GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR VANDER VEEN, et al.,<br><br>Defendants. | CASE NO. C14-1829JLR<br><br>ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

Before the court is Defendants Whatcom County ("the County") and Whatcom County Sheriff's Deputies Trevor Vander Veen and Michael King's ("the Deputies") motion for summary judgment. (Mot. (Dkt. # 14).) Plaintiff Gabriel Raymond Gomez has not filed an opposition to the motion. (*See* Dkt.) The court has considered the

//

//

//

ORDER- 1

motion, the balance of the record, and the relevant law. Being fully advised,[1] the court GRANTS Defendants' motion for summary judgment and DISMISSES this case WITH PREJUDICE.

## II. BACKGROUND

Mr. Gomez filed this case in the Snohomish County Superior Court on August 26, 2014. (Compl. (Dkt. # 1-2) at 1.) He brings claims against the Deputies and the County under 42 U.S.C. § 1983 for violation of his constitutional rights—specifically, his right to be free from unreasonable seizures and excessive force. (*See id.* ¶¶ 15-22.) Defendants removed the case to this court on December 2, 2014. (Not. of Rem. (Dkt. # 1) at 1.) The claims against Defendants arise out of an involuntary detention for a mental health evaluation. (*See* Compl. ¶¶ 7-14.)

The Deputies argue they are entitled to qualified immunity because Mr. Gomez's detention was reasonable under applicable law and they did not use excessive force. (*See* Mot. at 6-12.) The County argues the claims against it should be dismissed because the Deputies did not violate Mr. Gomez's constitutional rights and Mr. Gomez has not shown a policy or custom of the County that led to a violation of Mr. Gomez's constitutional rights. (*See id.* at 12-13.)

On November 23, 2015, Defendants filed the present motion for summary judgment. (*See* Mot. at 1.) Defendants support their motion with multiple declarations and exhibits. (*See* Justice Decl. (Dkt. # 15) Exs. A-E; Vander Veen Decl. (Dkt. # 16);

---

[1] No party has requested oral argument (*see* Mot. at 1), and the court finds oral argument unnecessary for the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

King Decl. (Dkt. # 17).) Mr. Gomez has not responded or offered any evidence to rebut Defendants' showing. (*See* Dkt.)

### III. DISCUSSION

**A. Legal Standards**

1. <u>Summary judgment</u>

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. Of L.A.*, 477 F. 3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, then the nonmoving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. In determining whether the fact-finder could reasonably find in the nonmoving party's favor, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

2. <u>Mr. Gomez's failure to respond</u>

Mr. Gomez failed to file a response to Defendants' motion for summary judgment. (*See* Dkt.) Local Civil Rule 7(b)(2) states in part that "if a party fails to file papers in

opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). Nevertheless, summarily granting judgment to Defendants would be improper given the Ninth Circuit's view "that a non-moving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (citing Fed. R. Civ. P. 56). Thus, heeding the requirements of *Martinez*, the court will analyze Defendants' motion for summary judgment on the merits.

At the same time, however, the court cannot entirely overlook Mr. Gomez's noncompliance with its Local Civil Rules. Where Defendants have met their burden of demonstrating an absence of material factual issues, the court cannot create an issue for Mr. Gomez where he has not submitted any countervailing evidence. The fact that Mr. Gomez is appearing pro se does not alter the applicability of these general summary judgment rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (noting that although the court construes pleadings liberally in their favor, pro se litigants "must follow the same rules of procedure that govern other litigants"), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012); *Semper v. JBC Legal Grp.*, No. C04-2240L, 2005 WL 2172377, at *1 (W.D. Wash. Sept. 6, 2005). Accordingly, although Mr. Gomez is appearing pro se, the court is obligated to hold him to the same standards as it would any other nonmoving party on a motion for summary judgment. Defendants bear the initial burden of showing there are no material factual

disputes; if they do so, the court is not required to create disputes where there is no contrary evidence and may grant summary judgment in Defendants' favor.

### 3. Section 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of Section 1983 is satisfied only if the plaintiff demonstrates that the defendant performed an affirmative act, participated in another's affirmative act, or omitted to perform an act which the defendant was legally required to do that caused the alleged deprivation. *Arnold v. IBM Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

A local government unit or municipality can be sued as a "person" under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under Section 1983 solely because it employs a tortfeasor. *Id.* A plaintiff seeking to impose liability on a municipality under Section 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

### 4. Qualified immunity

In the context of Section 1983 claims, "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known.'" *Stanton v. Sims*, --- U.S. ---, 134 S. Ct. 3, 4-5 (2013) (per curiam) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments" and "protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2085 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Accordingly, an officer will be denied qualified immunity in a Section 1983 action "only if (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood her conduct to be unlawful in that situation." *Green v. City & Cty. of San Fran.*, 751 F.3d. 1039, 1051-52 (9th Cir. 2014) (quoting *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011)).

**B.  Analysis**

Mr. Gomez alleges in his complaint that Defendants violated his constitutional rights. (*See* Compl. ¶¶ 7-22.) He presents no evidence, however, to support these allegations. Furthermore, the evidence submitted in support of Defendants' motion establishes that the Deputies' actions were reasonable under the circumstances and did not violate clearly established law. (*See* Vander Veen Decl. (describing Deputy Vander Veen's reasons for believing Mr. Gomez presented an imminent threat of serious harm to himself, including Mr. Gomez's admission that he was contemplating suicide that evening, and the Deputies' actions in getting Mr. Gomez into handcuffs without harming

him, despite Mr. Gomez's resistance); King Decl. (corroborating aspects of Deputy Vander Veen's account that are within Deputy King's personal knowledge).) The Deputies are therefore entitled to qualified immunity. *See Green*, 751 F.3d. at 1051-52. Regarding the claims against the County, Defendants are correct that Mr. Gomez has offered no evidence from which a jury could conclude that any policy or custom of the County caused Mr. Gomez to suffer an injury. (*See* Dkt.) Accordingly, summary judgment is appropriate on all of Mr. Gomez's claims.

## IV.   CONCLUSION

Defendants have met their burden in support of their motion for summary judgment. Mr. Gomez has offered no evidence in opposition to the motion. For this reason, the court GRANTS Defendants' motion for summary judgment (Dkt. # 14) and DISMISSES this matter WITH PREJUDICE.[2]

Dated this 25th day of January, 2016.

JAMES L. ROBART
United States District Judge

---

[2] Defendants also request that the court sanction Mr. Gomez for failing to attend his deposition. (*See* Mot. at 14-15 ("The Court should assess a sanction against Plaintiff in the form of monetary payment to reimburse fees expended by defense counsel in attending the deposition." (internal citations omitted)); Justice Decl. ¶¶ 6-7 (explaining defense counsel's expenses associated with the deposition).) The court DENIES this request.